IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |
|---|---|
| JEREMY HAZEL,<br><br>  Plaintiff,<br><br>v.<br><br>KILILO KIJAKAZI,<br>**Acting Commissioner of Social Security,**<br><br>  Defendant. | Case No. 2:22-cv-02861-JTF-cgc |

**ORDER AFFIRMING THE COMMISSIONER'S DECISION**

On December 20, 2022, Claimant Jeremey Hazel filed a Complaint seeking judicial review of a Social Security disability benefits decision. (ECF No. 1 (sealed).) Hazel seeks to appeal a final decision of the Commissioner of Social Security ("Commissioner") denying him disability insurance benefits under Title II of the Social Security Act ("the Act"). 42 U.S.C. §§ 401-34. Hazel filed his brief in support of his appeal on June 9, 2023. (ECF No. 17 (sealed).) The Commissioner filed its brief in support of the decision on April 30, 2023. (ECF No. 16 (sealed).) For the reasons set forth below, the Commissioner's Decision is **AFFIRMED**.

       **I.**   **FACTUAL BACKGROUND**

Before the events giving rise to this case, Hazel filed for, and was denied Social Security Disability Insurance benefits in a decision dated November 29, 2018. (ECF No. 10-3, 5.) He then filed a new application on May 11, 2020, alleging that his disability began on November 30, 2018. (*Id.*) Hazel's second claim was denied initially, and again upon reconsideration, prompting him to request an administrative hearing. (*Id.*) Following that hearing, Administrative Law Judge Lyle A.

Jones ("ALJ") found Hazel was not under a "disability" as defined in the Act in a decision dated December 10, 2021. (*Id.* at 19.) Hazel timely filed an Appeal to the Appeals Council, which denied the request for review and affirmed the ALJ's decision on October 28, 2022. (ECF No. 10-2, 2.) Upon receipt of this determination, Hazel had exhausted his administrative appeals, making him eligible to seek review in this Court under 42 U.S.C. § 405(g). Hazel commenced his appeal on December 20, 2022. (ECF No. 1.)

The ALJ's decision followed the standard five-step sequential evaluation process laid out in 20 C.F.R. § 404.1520. (ECF No. 10-3.) Additionally, because there was a final decision on his prior disability claim, the ALJ considered whether there was new and material evidence that resulted in a change in his condition. (*Id.* at 13-14.) Because the ALJ found that a material change had occurred, he was not bound to the prior decision. (*Id.*)

At the first step, the ALJ found that Hazel had not engaged in substantial gainful activity from November 20, 2018, his alleged onset date, through September 30, 2019. (*Id.* at 7-8.) At step two, the ALJ determined that through the date last insured, Hazel had several severe impairments including degenerative disc disease of the cervical and lumbar spine, migraine headaches, anxiety, attention deficit hyperactivity disorder, and asthma. (*Id.*) At step three, the ALJ found that through the date last insured, Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.*) Before proceeding to step four, the ALJ was required to determine Hazel's residual functional capacity ("RFC"), or his "ability to do physical and mental work activities on a sustained basis despite limitations from his impairments." 20 C.F.R. § 404.1545; *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002). The ALJ considered Hazel's physical examination records, reported symptoms, and medical opinions. (*Id.* at 9-17.) On appeal, Hazel

takes issue with the ALJ's ultimate RFC determination, arguing that the judge did not properly explain his reason for retaining the same RFC for light work between his first and second decisions, despite finding that Hazel had additional severe impairments. (ECF No. 17, 6.) Additionally, he contends that the ALJ improperly discounted medical opinion evidence of his orthopedic surgeon, Dr. Hauser, by not articulating why that doctor's medical opinion certifying him with a disability was not consistent and supported by the record. (*Id.* at 1, 8.) Hazel had been seeing Dr. Hauser since November of 2018, before his date last insured,[1] September 30, 2019. (ECF No. 11, 8-9.) Dr. Hauser concluded that:

> Hazel's impairments are expected to last at least twelve months, Mr. Hazel will constantly experience pain and other symptoms severe enough to interfere with attention and concentration needed to perform even simple work tasks. Mr. Hazel can only be expected to sit for 5 minutes at a time, he can only be expected to stand for 5 minutes at a time, and out of an 8-hour working day, Mr. Hazel would only be able to sit, stand, or walk less than 2 hours. Mr. Hazel would need periods of walking around during an 8-hour working day for about 15 minutes every 3-5 minutes. Mr. Hazel would need a job that permits shifting positions from sitting, standing, or walking and Mr. Hazel would need to take unscheduled breaks every 20-30 minutes for 10-15 minutes at a time. Mr. Hazel would need to use a can or other assistive device while engaging in occasional standing/walking. Mr. Hazel can only occasionally lift 10 pounds or less, and never lift over 10 pounds. Mr. Hazel would never be able to stoop, crouch/squat, climb ladder, or climb stairs. On estimate, Mr. Hazel would be expected to miss more than four days per month from work and it is noted by Dr. Hauser that Mr. Hazel's conditions will progress with age.

(ECF No. 11, 4 (record citations omitted).)  Dr. Hauser's opinion purportedly pertained to the time period prior to the date last insured.  However, the ALJ was not convinced by Dr. Hauser's opinion because it was unsupported by the record. (ECF No. 10-3, 16.)  After considering all of the evidence in the record, the ALJ issued the ultimate RFC determination:

> The claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that he is limited to frequent reaching with both upper extremities and frequent balancing; occasional stooping, kneeling, crouching, crawling, and climbing of stairs and ramps; no climbing of ladders, ropes, or scaffolds or concentrated exposure to temperature extremes or any exposure to unprotected heights or

---

[1] Because Hazel only applied for disability insurance benefits (DIB), he has to prove that his disability began prior to September 30, 2019, his date last insured (DLI). (ECF No. 10-3, 6.)

3

dangerous machinery. The Claimant's mental capacity for work is reduced to the extent that he is limited to jobs involving only simple one-two step instruction with no more than two hours of concentration without a break in an environment where changes are infrequent and gradually introduced.

(ECF No. 10-4, 8.) With this done, the ALJ moved to step four, where he determined that Hazel was unable to perform any past relevant work with his current RFC, based in part on the testimony of a vocational expert ("VE"). (*Id.* at 13.)

At step five, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Hazel could perform. (*Id.* at 14.) The VE's testimony again informed the ALJ's decision. The VE testified that:

> given all of these factors [Hazel] would be able to perform the requirements of representative occupations such as sales attendant [], routing clerk [], [and] housekeeper/cleaner []. there are approximately 649,000 such jobs in the national economy.

(*Id.*) With this, the ALJ found that Hazel had not been under a disability, as defined in the Social Security Act, from July 2, 2015, his alleged onset date, and denied benefits. (*Id.* at 15.)

## II.   LEGAL STANDARD

Under 42 U.S.C. § 405(g), a claimant may obtain judicial review of any final decision made by the Commissioner after a hearing to which he or she was a party. "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Judicial review of the Commissioner's decision is limited to whether there is substantial evidence to support the decision and whether the Commissioner used the proper legal criteria in making the decision. *Id.*; *Cardew v. Comm'r of Soc. Sec.*, 896 F.3d 742, 745 (6th Cir. 2018); *Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011); *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). Substantial evidence is more than a

4

scintilla of evidence but less than a preponderance and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

In determining whether substantial evidence exists, the reviewing court must examine the evidence in the record as a whole and "must 'take into account whatever in the record fairly detracts from its weight.'" *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990) (quoting *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984)). If substantial evidence is found to support the Commissioner's decision, however, the court must affirm that decision and "may not even inquire whether the record could support a decision the other way." *Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994) (quoting *Smith v. Sec'y of Health & Human Servs.*, 893 F.2d 106, 108 (6th Cir. 1989)). Similarly, the court may not try the case *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012) (citing *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007)). Rather, the Commissioner, not the court, is charged with the duty to weigh the evidence, to make credibility determinations, and to resolve material conflicts in the testimony. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *Crum v. Sullivan*, 921 F.2d 642, 644 (6th Cir. 1990). For a decision to be supported by substantial evidence, "the ALJ's decision still must say enough 'to allow the appellate court to trace the path of [their] reasoning.'" *Stacey v. Comm'r of Soc. Sec.*, 451 F. App'x 517, 519 (6th Cir. 2011) (quoting *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995)).

### III. ANALYSIS

Hazel contends that the Court should remand this case for three reasons. First, he argues that the ALJ failed to articulate why his orthopedic surgeon's medical opinion was not persuasive. Second, the ALJ did not account for Hazel's severe impairments in the RFC. Third, Hazel asserts

5

that the ALJ's ultimate RFC decision is unsupported by substantial evidence. The Court considers each of Hazel's arguments below. Because the Court finds that none of the arguments are well-taken, it **AFFIRMS** the Commissioner's determination.

### A. Medical Opinion Evidence

In his opinion, the ALJ found Dr. Houser's opinion to be without persuasive value because "although it purportedly pertains to the time period prior to the date last insured, it is without support from the record for that time period." (ECF No. 10-3, 16.) Hazel argues that the ALJ failed to articulate how Dr. Hauser's opinions were inconsistent with or unsupported by the record, and that this failure was not harmless error. (ECF No. 17, 10.) He maintains that the ALJ discounted this opinion without explanation, stating only that the opinion was "without support in the record." (*Id.*) Hazel argues that this decision is not harmless insofar as this determination is unsupported by substantial evidence in the record. (*Id.*)

The factors for weighing medical opinions include (1) supportability; (2) consistency; (3) relationship with the claimant, which in turn includes factors such as length of the treatment relationship, frequency of examinations, purpose of the treatment relationship, extent of the treatment relationship and the existence of an examining relationship; (4) specialization and (5) "other factors that tend to support or contradict a medical opinion or prior administrative medical finding." 20 C.F.R. § 416.920c(c). "Supportability and consistency will be the most important factors, and usually the only factors the ALJ is required to articulate." *Jones v. Berryhill*, 392 F. Supp. 3d 831, 839 (M.D. Tenn. 2019) (quoting *Pogany v. Berryhill*, No. 4:18-CV-04103-VLD, 2019 WL 2870135, at *27 n.7 (D.S.D. July 3, 2019).

The Commissioner contends that the ALJ satisfied the articulation requirement. It is true that the ALJ did not specifically identify what evidence he was referring to when he concluded that Dr. Hauser's opinion was not persuasive. However, the Commissioner persuasively points out

6

that the ALJ thoroughly covered the record for the period which Dr. Hauser's opinion relates. (*See* ECF No. 10-3, 12-13 & 16.) The ALJ noted that in December 2018, Hazel had an MRI of his cervical spine which revealed multilevel degenerative changes with left asymmetric disc bulge and mild left neural foraminal narrowing at the C4-C5 vertebrae with moderate left and mild right neural foraminal narrowing as well as mild central canal narrowing at the C5-C6 vertebrae and moderate left and mild right neural foraminal narrowing at the C6-C7 vertebrae. (*Id.*) He also found that in January and February 2019, Hazel's gait and strength was normal and symmetric in all four extremities. (*Id.* at 12-13.) The ALJ noted that in April 2019, Hazel had normal posture, normal cervical spine range of motion, stable shoulders normal strength and muscle tone in the upper extremities with normal sensation to light touch. (*Id.* at 13.)

The ALJ was aware of Dr. Hauser's observation that Hazel's limitations in this same period were due to his cervical and lumbar impairments, which caused pain with range of motion, tenderness and reduced strength. (ECF No. 10-10, 125.)  However, ALJ concluded that other medical opinions in the record, which were in tension with Dr. Hauser's opinion, were more consistent with prior admirative findings and were therefore more persuasive. Based on the forgoing, the ALJ found that Dr. Hauser's opinion was inconsistent with the record. (ECF No. 10-3, 15.)

The ALJ also addressed the supportability factor.  He explained that Dr. Hauser diagnosed Plaintiff with cervical radiculopathy, lumbar stenosis and lumbar radiculopathy and opined that he had a preexisting diagnosis of post-traumatic stress disorder that impacted his employment eligibility. (*Id.* at 16.) Hazel does not raise any objection to this.

Consistent with the above, the Court finds that the ALJ did satisfy the articulation requirement insofar as he described the evidence at odds with Dr. Hauser's opinion, and considered its supportability, ultimately finding that the opinion was not persuasive.

### B. Other Severe Impairments

Hazel argues that the ALJ failed to account for his severe impairments in the RFC. (ECF No. 17, 6.) Specifically, he contends that the ALJ erred in finding that Hazel's RFC was the same as the last time he reviewed it. Hazel notes that in his first decision, the ALJ found severe impairments of degenerative disc disease in his neck, migraines, anxiety, and ADHD; but in his second decision, the ALJ found additional severe impairments of asthma and degenerative disc disease of the lumbar spine. (*Id.* at 6.) Hazel submits that since he has more severe impairments than before and yet still has the same RFC, the ALJ must have erred because "[i]t is incongruous to suggest that a severe impairment that significantly limits the claimant's ability to perform basic work activities does not reduce the claimant's functional capacity for work." (*Id.* at 8.) The Commissioner argues that the ALJ did not err in maintaining the same RFC across both decisions because an additional severe impairment does not necessarily change a claimant's functional capacity. (ECF No 16, 5.)

Under *Bowen v. Yuckert*, Step Two of the ALJ's five-step Analysis requires a "threshold showing of severity." 482 U.S. 137, 146-47 (1987). In accordance with that interpretation, this Court and Sixth Circuit have already considered this issue and concluded that "[a] claimant's severe impairment may or may not affect his or her functional capacity to do work. One does not necessarily establish the other." *See Jones v. Berryhill*, No. 13-1134, 2017 WL 1187937, at *8 (W.D. Tenn. Mar. 30, 2017) (quoting *Griffith v. Commissioner*, 217 Fed. App'x 425, 429 (6th Cir. 2007)). Other circuits have reached similar conclusions, finding that the Step Two analysis of whether a claimant suffers from any severe impairments is a "*de minimis* hurdle in the disability

8

determination process," and that the ALJ is therefore not required to include such limitations in the RFC. *See Lail v. Kijakazi*, No. 21-2133, 2022 WL 1711809, at *3 (4th Cir. May 27, 2022) ("[T]he ALJ's finding that Lail's carpal tunnel syndrome was a severe impairment at step two of the sequential evaluation does not contradict the ALJ's RFC which did not factor in specific limitations due to carpal tunnel syndrome. Step two of the sequential evaluation is a threshold question with a de minimis severity requirement"); *see also McInyre v. Colvin*, 758 F.3d 146, 151 (2nd Cir. 2014) ("[T]he standard for a finding of severity under Step Two of the sequential analysis is de minimis and is intended only to screen out the very weakest cases.").

      Hazel is effectively asking the Court to hold that an ALJ's lack of consideration as to whether a severe impairment affects a claimant's RFC constitutes *per se* reversible error because (1) it is not a long logical leap to that conclusion; and (2) the authorities that are contrary to his argument are unpublished. (ECF No. 17, 6-8.) Neither argument is persuasive. First, as noted above courts interpret the requirements of Step Two's finding of a severe impairment as a low bar, especially in comparison to the similar findings required in Step Five**.** It logically follows from this interpretation of "severe impairment" at Step Two that an ALJ need not account for every severe impairment in the RFC. Second, the Court is not constrained by the lack of published authorities.  This Court's Local Rules are silent on the precedential value of unpublished cases, while the Sixth Circuit's Local Rules explicitly permit reference to them. [2]  *See* 6th Cir R 32.1(a). Hence, the Court does not find error in the ALJ's decision to not reference certain of Hazel's impairments in the RFC.

---

[2] Moreover, Hazel does not cite to any published authorities in support of his contrary position; and an unpublished decision is at least more persuasive than a non-existent one.

### C. The RFC

The Commissioner maintains that the RFC determination was supported by substantial evidence. (ECF No. 16 at 8.) The ALJ considered the medical and non-medical evidence and reasonably determined that Plaintiff could perform a limited range of light work. (ECF No. 10-3, 9-10.) The ALJ also considered Hazel's testimony concerning the impact of sciatica relative to his difficulty moving, and pain. (*Id.* at 11.) Hazel's representative questioned him about the painful condition of his neck, and he represented that the condition had not changed since the prior decision on November 29, 2018. (*Id.*) He also addressed Hazel's asthma despite not explicitly covering it in his own analysis when assigning him an RFC. However, the ALJ considered Dr. Chung's RFC, which did consider Hazel's asthma and found that it was under control as of the date last insured. (*See id.* at 15 & ECF No. 10-4, 54); *see also Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 443 (6th Cir. 2010) (holding that an impairment was factored into the ALJ's decision indirectly as part of his consideration of the doctors' opinions); *Bledsoe v. Barnhart*, 165 Fed.Appx. 408, 412 (6th Cir.2006) (same).

Given the ALJ's thorough discussion of Hazel's spinal condition, and his explicit reliance on Dr. Chung's RFC which addressed his asthma, the Court finds that there is substantial evidence for the RFC.

### IV.   CONCLUSION

For the reasons above, the Commissioner's decision is supported by substantial evidence and is hereby **AFFIRMED**.

**IT IS SO ORDERED** this 7th day of February, 2024.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT
